UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
SIRLISTER J. HOUSE and LOUIS E. CURTI,

                    Plaintiffs,

        -against-

CHAUFFEURS OFFERING PROTECTIVE
SERVICES, LTD.,

                    Defendant.
-----------------------------------------------------------------X

*adding Parties*

Index No.  05 Civ. 7716 (MDF)

**AMENDED COMPLAINT**

**JURY TRIAL DEMANDED**

*[FILED STAMP: U.S. DISTRICT COURT FILED DEC 28 2006 S.D. OF N.Y. W.P.]*

        Plaintiffs, SIRLISTER J. HOUSE and LOUIS E. CURTI, by their attorneys, Foulke Law

Offices, as and for their Complaint, allege as follows:

**JURY DEMAND**

        1.      Plaintiffs, SIRLISTER J. HOUSE and LOUIS E. CURTI, demand a trial by jury of

all issues in this action.

**NATURE OF ACTION**

        2.      This is a collective action brought on behalf of plaintiffs and on behalf of all

similarly situated employees of Chauffeurs Offering Protective Services, Ltd. ("COPS") to recover

compensatory damages; punitive damages; attorney's fees and costs; and injunctive relief for violations of

the Fair Labor Standards Act ("FLSA") for failure to pay time and a half overtime for hours worked in

excess of 40 hours per week and for unlawful retaliation. 29 U.S.C. § 207(a)(1).

**PARTIES**

        3.      Sirlister House is a former police officer.  He was hired by COPS on or about

November, 2004 to perform security and transportation services for its clients.

        4.      Sirlister House is, and at all times herein mentioned was, a resident of the County of

Orange, and State of New York.

        5.      Louis E. Curti was hired by COPS.

        6.      Louis E. Curti is, and at all times herein mentioned was, a resident of the County of

Orange, and State of New York.

7.       On information and belief defendant COPS is, and at all times hereinafter mentioned was, a domestic corporation duly organized and existing pursuant to the laws of the State of New York.

8.       On information and belief defendant COPS is licensed and authorized to do business in the State of New York and operates businesses within the State of New York including a transportation and security company located at 34 Esselbourne Rd., Village of Cold Spring, County of Putnam, and State of New York.

7.       On information and belief, COPS is operated by Ira and Michelle Solomon, residing at 34 Esselbourne Rd., Village of Cold Spring, County of Putnam, and State of New York.

8.       COPS first hired Mr. House to perform transportation and security services on or about November 2004.

9.       COPS unlawfully terminated Mr. House's employment on or about June 24, 2005.

## JURISDICTION AND VENUE

10.      This action arises under the Fair Labor Standards Act (29 U.S.C. § 207(a)(1)) ("FLSA").

11.      This Court has subject matter jurisdiction over plaintiffs' claims in this action pursuant to Title 28, U.S.C. § 1331.  Plaintiffs and defendant reside, are found, transact business, have agents, and are within the jurisdiction of this Court for the purpose of service of process.  Venue is proper in this district as to each defendant pursuant to 28 U.S.C. § 1391.

## STATEMENT OF FACTS

12.      When plaintiff was initially hired by COPS, he was paid approximately $18 per hour.  His pay was increased to approximately $19 per hour in approximately May 2005.

13.      Mr. House provided transportation and security services for COPS' clients.  On information and belief, COPS is a transportation and security service.

14.     Mr. House and, on information and belief, the other COPS security workers, were hired as needed by COPS, either by predetermined schedule or by phone on short notice.

15.     On information and belief, Mr. House and the other COPS employees regularly drove clients between New York and New Jersey, as well as to airports within the region and on other interstate trips as required.

16.     On information and belief, Mr. House and the other COPS drivers drove only conventional sport utility vehicles for COPS.

17.     On information and belief, the vehicles Mr. House and others operated for COPS did not weigh over 10,000 lbs., and did not carry nine to fifteen people more than seventy-five air miles in interstate travel.

18.     On information and belief, the general public had only restricted access to the vehicles Mr. House and others operated for COPS; the vehicles had no taxi meters; they had no vacancy signs; they were not advertised as taxicabs; their drivers were not free to organize their own time; their drivers used little or no initiative in securing passengers.

19.     On information and belief, the vehicle most frequently operated by Mr. House was not licensed as a taxicab and, indeed, did not have a livery license plate.

18.     After working significant hours in excess of 40 hours one week, Mr. House complained on or about January of 2005, that he was not being paid overtime for his work over 40 hours per week.

20.     On or about the period of March 11,2005 through March 13, 2005 Mr. House worked a total of approximately 41.33 hours for COPS.

21.     On or about April 2005 Mr. House once again complained that he did not receive overtime pay.

22.     On or about the period of April 4, 2005 through April 10 2005 Mr. House worked a total of approximately 53.1 hours for COPS.

3

23.     On or about the period of April 11, 2005 through April 17, 2005 Mr. House worked approximately 60.15 hours for COPS.

24.     On or about the period of April 18, 2005 through April 24, 2005 Mr. House worked approximately 72.25 hours for COPS.

25.     Mr. House received a raise from $18 to $19 dollars per hour in approximately May of 2005.

26.     On or about the period of May 23, 2005 through May 29, 2005, Mr. House worked a total of approximately 57 hours for COPS.

27.     On or about the period of May 30, 2005 through June 5, 2005, Mr. House worked approximately 77.75 hours for COPS.

28.     On or about the period of June 6, 2005 through June 12, 2005 Mr. House worked a total of approximately 55 hours for COPS.

28.     Defendant COPS stopped calling Mr. House and requesting him to report to work on or about June 24, 2005. Mr. House's last day of work was June 24, 2005, and Mr. House has not been subsequently employed by COPS.

### FIRST CAUSE OF ACTION
### (Unlawful Discrimination and Violation of the Fair Labor Standards Act)

29.     Plaintiff repeats and realleges with the force and effect, as if fully set forth herein at length, each and every allegation alleged above in paragraphs 1 through 28 of this Complaint.

30.     Since the time Mr. House commenced work with COPS, plaintiff was repeatedly required to work hours in excess of 40 hours per week.

31.     On information and belief, other COPS employees have also been repeatedly required to work hours in excess of 40 hours per week.

31.     During the course of Mr. House's employment with COPS from November 2004

4

until June 24, 2005, Mr. House was required to work a minimum of 137 overtime hours of work in excess of 40 hours per week.

31.     At no time was Mr. House paid time-and-a-half for his overtime hours.

32.     On information and belief, at no time were other COPS workers paid time-and-a-half for their overtime hours.

33.     Mr. House is not a salaried employee.  Mr. House is paid by the hour in the amount of $18 per hour and $19 per hour.

34.     On information and belief, other COPS workers are not salaried employees and are paid by the hour.

35.     COPS' refusal to pay time-and-a-half to an hourly employee is a direct and flagrant violation of the FLSA and plaintiff seeks hourly overtime wages for the time he worked in excess of 40 hours per week under the FLSA.

36.     On information and belief, defendant's refusal to pay time-and-a-half overtime compensation was malicious and intentional.

37.     Defendant has intentionally violated the provisions of the FLSA and Mr. House is entitled to time-and-a-half overtime wages, back pay, compensatory damages, punitive damages, costs, expenses, and attorney's fees in prosecution of this action.  Plaintiff also seeks a permanent injunction permanently enjoining COPS from refusing to pay time-and-a-half overtime compensation to employees.

### SECOND CAUSE OF ACTION
### (Unlawful Retaliation and Violation of the FLSA)

38.     Plaintiff repeats and realleges with the force and effect, as if fully set forth herein at length, each and every allegation alleged above in paragraphs 1 through 28 of this Complaint.

39.     On or about January 2005 and April 2005, Mr. House did complain to Michelle or Ira Solomon, the operators of COPS, concerning COPS' failure to pay him time-and-a-half overtime for work in excess of 40 hours per week.

40.     On or about June 24, 2005, Mr. House was wrongfully terminated in retaliation for

5

making complaints of defendant's violations of the FLSA and for defendant's refusal to pay time-and-a-half overtime compensation to employees.

      41.    Based upon the fact that defendant has violated the FLSA plaintiff will seek compensatory damages, punitive damages, back due overtime wages, attorney's fees, costs, and disbursements in prosecution of this claim.

### THIRD CAUSE OF ACTION
#### (Unlawful Discrimination and Violation of
#### The New York State Human Rights Law)

      42.    Plaintiff repeats and realleges with the force and effect, as if fully set forth herein at length, each and every allegation alleged above in paragraphs 1 through 28 of this Complaint.

      43.    Plaintiff was repeatedly required to work hours in excess of 40 hours per week and not paid any overtime pay as set forth above.

      44.    All of the foregoing was committed in violation of the New York State Human Rights Law.

### FOURTH CAUSE OF ACTION

      45.    Plaintiff repeats and realleges with the force and effect, as if fully set forth herein at length, each and every allegation alleged above in paragraphs 1 through 28 of this Complaint.

      46.    Mr. House made repeated complaints concerning the failure to provide overtime. Mr. House was wrongfully terminated in direct retaliation of his protected activity in making lawful complaints of violations of labor laws.

      47.    Defendant's unlawful retaliation is in violation of the New York State Human Rights Law.

      WHEREFORE, plaintiff SIRLISTER HOUSE demands judgment against defendant as follows:

      (a)    On the first cause of action, a sum in excess of Three Thousand Seven Hundred and Ninety-Two Dollars ($3,792.00) for time-and-a-half overtime compensation due, with interest, and other relief as plaintiff may be entitled under the FLSA;

6

(b)     On the second cause of action, a sum in excess of Three Thousand Seven Hundred and Ninety-Two Dollars ($3,792.00) as compensation, as well as other sums as plaintiff is due under the FLSA;

(c)     On the third cause of action, a sum which will be determined by the Court;

(d)     On the fourth cause of action, a sum which will be determined by the Court;

(e)     Permanent injunction permanently enjoining defendant COPS from refusing to pay time-and-a-half overtime compensation to all employees including Sirlister House;

(f)     Damages for other similarly situated employees denied overtime pay;

(g)     Punitive damages in an amount to be determined by jury at the trial of all causes of this action;

(h)     An award to plaintiff for costs, disbursements, and attorney's fees; and

(i)     For such other and further relief as plaintiff is entitled to under applicable law under the circumstances, including liquidated damages.

Dated:  Goshen, New York
        December 21, 2006

                                        FOULKE LAW OFFICES

                                        By: _____
                                            Evan M. Foulke, Esq.
                                        Attorney for Plaintiff
                                        1997 Route 17M
                                        P.O. Box 239
                                        Goshen, New York  10924
                                        (845) 294-4308

TO:     CHAUFFEURS OFFERING PROTECTIVE
        SERVICES, LTD.
        34 Esselbourne Rd.
        Cold Spring, NY 10516